UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kory Jabar Walton,

      Petitioner,

v.

United States of America,

      Respondent.

Civ. No. 05-2534 (JNE)
Crim. No. 04-131 (JNE/JGL)
ORDER

On June 14, 2004, Kory Jabar Walton pled guilty to bank robbery in violation of 18 U.S.C. § 2113 (2000).  On November 1, 2004, the Court sentenced him to 151 months.  Walton did not appeal.  Walton now moves *pro se* to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 (2000).  The government opposes the motion.  For the reasons set forth below, the Court denies Walton's motion.

Section 2255 provides that a federal prisoner may collaterally attack his sentence on the ground that the sentence was imposed in violation of the Constitution or federal laws.  "A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).  Accordingly, Walton's petition can be dismissed without a hearing if (1) Walton's allegations, accepted as true, would not entitle him to relief or (2) Walton's allegations cannot be accepted as true because they are contradicted by the record, inherently unreliable, or conclusions rather than statements of fact.  *Id.*  In this case, Walton's affidavit indicates:  (1) his former attorney stated that if he pled guilty he would receive a sentence of nine years; (2) he was sentenced to 151 months; (3) he instructed his former

attorney to file an appeal; and  (4) no appeal was filed.[1]  Because the Court finds below that the files and records of the case conclusively show that Walton is not entitled to relief, the Court concludes that an evidentiary hearing is not warranted.

In his petition, Walton asserts that he received ineffective assistance because his former attorney failed to appeal his sentence after Walton instructed him to do so and failed to make an objection during the plea hearing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004).  Walton requests that the Court allow him to file a late appeal so that he can challenge his sentence under *Booker*/*Blakely*, and appoint counsel who will follow through with the appeal by challenging Walton's sentence.

The government argues that Walton's habeas motion should be dismissed because he knowingly and voluntarily entered into a plea agreement and waived his right to collaterally attack his sentence.  In the plea agreement, Walton waived "his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255."  Walton's waiver does not specifically mention the Sixth Amendment or the right to effective assistance of counsel.

"A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel."  *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000); *see also Chesney v. United States*, 367 F.3d 1055, 1058-59 (8th Cir. 2004).  In *DeRoo*, the Eighth Circuit Court of Appeals held that "[d]ismissal of a section 2255 motion on the basis of a waiver in the

---

[1]      Walton also submitted the affidavit testimony of his father.  The Court declines to consider this affidavit because it is inadmissible hearsay.

plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver." *DeRoo*, 223 F.3d at 924.  The Eighth Circuit Court of Appeals also recognized "that there may be other cases in which a section 2255 waiver can be upheld summarily despite claims of ineffective assistance of counsel." *Id.* at 924 (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)) (per curiam) (upholding waiver of appeal rights when claim of ineffective assistance was based on counsel's failure to appeal).

In this case the Court concludes Walton's waiver of his appeal rights can be upheld despite his claims of ineffective assistance of counsel.  The crux of Walton's ineffective assistance claim is that his former attorney failed to file an appeal after being instructed to do so. This claim does not relate to the negotiation of, or entry into, the plea agreement.  The record demonstrates that Walton waived his right to challenge or collaterally attack his sentence and Walton has provided no evidence that he did not understand the consequences of his waiver.  To the extent that Walton's claim of ineffective assistance is based on his attorney's failure to file an appeal, Walton's waiver of the right to collaterally attack his sentence can be summarily upheld. *See, e.g.*, *Wilkes*, 20 F.3d at 653.

Walton also alleges that his former attorney "talked [him] out of going to trial" by stating that if Walton pled guilty, he would receive a sentence of no more than nine years.  Read liberally, Walton could be arguing that he entered an unknowing or involuntary plea, or that his sentence is the result of advice outside the range of competent counsel.  "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52,

56 (1985).  The two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel."  *Hill*, 474 U.S. at 58. Walton must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id*. at 57-59.  The Court need not address both components if the petitioner fails to make a showing on one of the prongs.  *See Engelen*, 68 F.3d at 241.

Walton claims that his former attorney told him that he would receive a sentence of no more than nine years.  Assuming the truth of this factual assertion, Walton still fails to demonstrate but for this alleged representation, he would not have pled guilty and would have insisted on going to trial.  At the plea hearing, Walton was asked in detail whether he understood the rights, including his right to a trial, he was giving up by pleading guilty.  Walton responded affirmatively.  In addition, when asked whether he understood "the guidelines say that the prison sentence in this case before good time should be 151 to 188 months," Walton responded affirmatively.[2]  Walton was also asked whether there was anything he thought was a part of the plea agreement that was not in the plea document.  Walton answered "no."  Based on the record before it, and particularly Walton's testimony at the plea hearing, the Court concludes that Walton cannot demonstrate there is a reasonable probability that, but for his former attorney's alleged representation, he would not have pled guilty.  Thus, the record is devoid of any evidence of prejudice.  Accordingly, the Court rejects Walton's claim of ineffective assistance of counsel insofar as it is based on his former attorney's alleged representations that he would receive a sentence of no more than nine years.

---

[2]    Walton received a 151-month sentence.

Walton has not established that his waiver of his right to collaterally attack the sentence was the product of ineffective assistance of counsel. Accordingly, the Court concludes that Walton knowingly and voluntarily waived his right to collaterally attack his sentence and that he is not entitled to relief under section 2255. *See Chesney*, 367 F.3d at 1060-61; *DeRoo*, 223 F.3d at 926.[3]

Finally, an appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2000). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Walton has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong, the Court declines to grant him a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Walton's Motion to Vacate, Set Aside, or Correct a Sentence [Docket No. 49] is DENIED.

2. Walton is not entitled to a certificate of appealability.

Dated: February 9, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[3]     Walton also argues that his former attorney failed to make a *Booker/Blakely* objection at the plea hearing so as to preserve it in the record for a later appeal. Because the Court finds that Walton knowingly and voluntarily waived his right to appeal, this argument fails.